UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-21622-KMM

CRISTIAN ENRIQUE SIMON
FELIPE,

    Petitioner,
v.

PAMELA BONDI, U.S. Attorney
General, *et al.*,

    Respondents.
                                          /

## ORDER TO SHOW CAUSE

THIS CAUSE came before the Court upon Petitioner Cristian Enrique Simon Felipe's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition" or "Pet.") (ECF No. 1) and Petitioner's Motion for Issuance of Order to Show Cause (the "Motion" or "Mot.") (ECF No. 3). In the Petition, Petitioner alleges that he is in the physical custody of Respondents at the Krome North Service Processing Center in Miami, Florida. *See* Pet. ¶ 28; (ECF No. 1-2). In March 2023, Petitioner fled Guatemala at seventeen years old "to escape his physically and emotionally abusive alcoholic father." Pet. ¶ 21. He entered the United States on April 2, 2023, as an alien present without admission or parole, and was issued a notice to appear on April 3, 2023, "that failed to contain the date and time of his hearing." *Id.* ¶ 22. On April 18, 2023, Petitioner was released into the United States to his uncle as an unaccompanied minor. *See id.* At eighteen, Petitioner filed an I-589 Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture with the U.S. Citizenship and Immigration Services ("USCIS"), and was subsequently granted work authorization and a Social Security card on the basis of his pending asylum application. *See id.* ¶ 23. Petitioner was issued a removal order after he missed an

immigration court hearing on September 28, 2023, and alleges that "he did not receive notice of the hearing." *See id.* ¶ 26. Petitioner's removal proceedings were dismissed thereafter "due to his pending I-589 with USCIS." *Id.* ¶ 27.

On June 19, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") after a routine traffic stop in which Petitioner was a passenger. *Id.* ¶ 28. On December 4, 2025, an Immigration Judge ("IJ") terminated Petitioner's removal proceedings until USCIS adjudicates Petitioner's asylum application. *Id.* ¶ 30. Petitioner has remained detained since the termination of his removal proceedings, and while Petitioner's asylum interview occurred on March 5, 2026, no decision has been rendered. *Id.* ¶ 31. Petitioner alleges that he faces unlawful detention due to a 2025 Department of Homeland Security ("DHS") policy and subsequent Board of Immigration Appeals ("Board") decision interpreting the applicable bond statutes, both of which allegedly violate the Immigration and Nationality Act ("INA"). *See id.* ¶¶ 2–4, 70.

The policy, "Interim Guidance Regarding Detention Authority for Applicants for Admission" (the "Policy"), was announced by ICE and promulgated by DHS in coordination with the Department of Justice ("DOJ"), and defines an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States, whether or not at a designated port of arrival. INA § 235(a)(1)." *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission. The Policy then states that "[e]ffective immediately, it is the position of DHS that such aliens are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole." *Id.* Petitioner explains that the Policy "contradict[s] longstanding DHS practice" by imposing mandatory detention pursuant to 8 U.S.C.

§ 1225(b)(2), regardless of the circumstances of a noncitizen's entry without inspection or admission.  *See* Pet. ¶¶ 58, 63.

The Board's decision in *Matter of Yajure Hurtado* affirmed as a matter of first impression an IJ's holding that "he lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and the regulation at 8 C.F.R. § 235.3(b)(1)(ii)."  29 I. & N. Dec. 216, 229 (BIA 2025).  According to Petitioner, "[c]ourt after court has adopted the same reading of the INA's detention authorities and rejected ICE and [the Executive Office of Immigration Review's] new interpretation."  Pet. ¶¶ 56–57 (collecting cases).

Petitioner alleges that he is properly subject to § 1226(a) but is being illegally detained without a bond hearing pursuant to § 1225.  *See id.* ¶¶ 60, 64–67, 69.  Petitioner further alleges that "DHS has consistently treated Petitioner as though he was subject to § 1226" as "[e]very DHS created, authored, and signed document issued in conjunction with Petitioner's encounter with DHS explicitly cited § 1226 for authority."  *See id.* ¶ 52.  Petitioner also alleges that he is exempt from mandatory detention as an "unaccompanied alien child" pursuant to 8 U.S.C. § 1232(a)(5)(D)(i).  *See* Pet. ¶ 72.

Petitioner brings four Counts:  (1) Count 1 for unlawful detention under 8 U.S.C. § 1225; (2) Count 2 alleging that unaccompanied minors are a protected class exempt from mandatory detention; (3) Count 3 for violation of procedural due process; and (4) Count 4 for violation of the Fourth Amendment.  *See* Pet. ¶¶ 62–77.  Thus, Petitioner asks the Court to:  (1) assume jurisdiction over this matter; (2) order that Petitioner not be transferred outside the Southern District of Florida; (3) order Respondents to show cause within three days as to why the Petition should not be granted;

(4) declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment; and (5) issue a writ of habeas corpus requiring Respondents to release Petitioner. *Id.* at 22.

In the Motion, Petitioner seeks an order directing Respondents to show cause within three days as to why the Petition should not be granted. *See generally* Mot.

UPON CONSIDERATION of the Petition and the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973) because Petitioner is detained in this District;

2. Petitioner is not to be transferred until these proceedings have terminated, and therefore Respondents shall maintain Petitioner's detention within the Southern District of Florida for the pendency of the Petition, and direct any applicable authorities to maintain the same;

3. The Motion (ECF No. 3) is GRANTED;

4. On or before March 19, 2026, Respondents shall file <u>one (1)</u> consolidated memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;

5. Counsel for Respondents must caption their memorandum as a "Response" rather than a Motion to Dismiss, and are cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;

6. Respondents are reminded they must provide Petitioner full and complete copies of all documents filed in support of their Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);

7. Petitioner may, but is not required to, file a Reply within <u>seven (7) days</u> of Respondents' Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances;

8. The Court will address Petitioner's other requested relief after having reviewed the Response and Reply.

DONE AND ORDERED in Chambers at Miami, Florida, this __16th__ day of March, 2026.

*[signature]*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record